# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Crim. No. 22-017-4-CFC |
| ) | |
| DWAYNE ALEXANDER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM ORDER

Pending before me is Defendant's *pro se* motion to dismiss. I discussed the motion with Defendant at length during the May 1, 2025 Evidentiary Hearing. Defendant made clear during that discussion that the only argument in the motion he continues to press is that the charges against him should be dismissed because his arrest warrant was signed by a Deputy Clerk of Court, rather than the Clerk of Court, and is therefore invalid. *See* D.I. 252 at 1.

Federal Rule of Criminal Procedure 9(b) provides in relevant part that an arrest warrant "must be signed by the clerk and must describe the offense charged in the indictment or information." Deputy clerks, however, are authorized to sign warrants on the Clerk's behalf. *See, e.g., United States v. Smith*, 424 F.3d 992, 1008 (9th Cir. 2005) ("[A] deputy clerk signed an arrest warrant, as required by Rule 9."); *United States v. McLain*, 559 F. Supp. 2d 983, 992 (D. Minn. 2008)

("[T]he arrest warrant was signed by the deputy clerk and is therefore sufficient."); *United States v. Nelson*, 2008 WL 4216118, at *4–5 (D. Kan. 2008) (same); *Witchard v. United States*, 2017 WL 11439012, at *2 (M.D. Fla. July 3, 2017) (rejecting argument that the deputy clerk is not legally authorized to sign the arrest warrant); *United States v. Giwa*, 617 F. Supp. 2d 1086, 1091 (D. Nev. 2007) ("[A] deputy clerk issued and signed the warrant the next day. This procedure corresponds to the procedure prescribed by Rule 9."); *see also* 28 U.S.C. § 951 (requiring each deputy clerk to take an oath swearing to "truly and faithfully enter and record all orders, decrees, judgments and proceedings of such court"); 28 U.S.C. § 956 ("The clerk of each court and his deputies and assistants shall exercise the powers and perform the duties assigned to them by the court."). Accordingly, Defendant's argument that the warrant is invalid because it was signed by a deputy clerk lacks merit.

NOW THEREFORE, at Wilmington on this Sixteenth day of May in 2025, it is HEREBY ORDERED that Defendant's Motion to Dismiss (D.I. 245-1) is DENIED.

_____
CHIEF JUDGE